Filed 6/28/16  Fusci v. Burke CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| STEPHEN FUSCI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>HOZIE BURKE et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B265727<br>(Super. Ct. No. SC041884)<br>(Ventura County) |

"[O]wner[s] of any easement in the nature of a private right-of-way" have a duty to maintain and repair it.  The cost is to be shared.  (Civ. Code, § 845, subds. (a), (b).)  In 2007 appellant Stephen Fusci entered into a stipulated judgment to pay $6,000 as his contribution through the year 2027.  The judgment provided that he (the plaintiff in this action) "shall pay a one-time sum of Six Thousand Dollars ($6,000) to the Ventavo Road Association, and each herein defendant on behalf of his or her real property parcel releases plaintiff and his parcel number 163-0-210-128 from any claims for contribution, including such contributions as are described by current California Civil Code Section 845, at any time prior to February 1, 2027, that being for a period of twenty years."

The parties agree that Fusci must pay $6,000—the issue is *when*. Respondents contend that the payment was due at the time of judgment. Fusci claims that his payment is due "at any time prior to February 1, 2027." He waited more than seven years, and then tendered $6,000, an amount he asserts is "in full satisfaction of judgment." In other words, Fusci contends that he had what was in essence a $6,000 interest-free loan for the maintenance and repair of the easement payable at any time over the ensuing 20 years. We think the trial judge kind in characterizing this interpretation of the judgment as "nonsensical." We affirm.

### FACTS AND PROCEDURAL HISTORY

The parties own land in an unincorporated area of Ventura County known as "Ventavo Ranches I" or "Ventavo Estates." Their parcels are accessed by a series of private roads over common easements in the community. Most of the property owners formed an unincorporated association, the Ventavo Road Association, to maintain the roadway easements and collect funding to do so. Fusci, who did not participate in the association, filed lawsuits against the other homeowners in the community. The parties entered into various settlement agreements, one of which is the stipulated judgment in this case.

The judgment was entered in 2007. Fusci paid the $6,000 referenced in the judgment in 2015. Respondents did not acknowledge Fusci's purported satisfaction of judgment because he had not paid any post-judgment interest. (See Code Civ. Proc., § 685.020, subd. (a) ["[I]nterest commences to accrue on a money judgment on the date of entry of the judgment"].) Fusci moved for an order requiring them to acknowledge his satisfaction of the judgment, which the trial court denied. The trial court ruled that Fusci owed interest on the sum commencing on the date of judgment.

### DISCUSSION

We construe a stipulated judgment de novo (*In re Marriage of Kelkar* (2014) 229 Cal.App.4th 833, 845), applying the general rules applicable

2

to contract interpretation. (*In re Marriage of Schu* (2014) 231 Cal.App.4th 394, 399.) Our fundamental goal is to effectuate the parties' mutual intent, which we infer, if possible, from the agreement's written provisions. (*State v. Continental Ins. Co.* (2012) 55 Cal.4th 186, 195.) If "clear and explicit," the contractual language governs. (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264, citing Civ. Code., § 1638.)

There is only one reasonable interpretation of the language at issue, which is that Fusci owed $6,000 upon entry of judgment. The phrase "at any time prior to February 1, 2027" is susceptible of more than one meaning only when isolated from its context. This does not render it ambiguous. (*State v. Continental Ins. Co.*, *supra*, 55 Cal.4th at p. 195.)

The sentence sets forth each side's consideration for the agreement: Fusci agreed to "pay a one-time sum of [$6,000] to the Ventavo Road Association," and respondents agreed to release Fusci and his real property "from any claims for contribution . . . at any time prior to February 1, 2027." The final clause of the sentence makes no sense under Fusci's interpretation. One does not "pay a one-time sum . . . for a period of 20 years." One could, however, "release . . . any claims . . . for a period of 20 years." Particularly when the person benefitting from the release "has the option to renew this benefit for two additional periods of twenty years each," as the next sentence of the stipulated judgment provides.

Because the stipulated judgment did not specify when Fusci's $6,000 payment was due, it was due when the judgment was entered. (See Civ. Code, § 1657 [where performance under a contract consists of paying a certain amount of money and "no time is specified for the performance," the payment "must be performed immediately"].) Fusci's tender did not satisfy the judgment because it excluded post-judgment interest.

3

DISPOSITION

The order denying Fusci's motion for order of acknowledgment of satisfaction of judgment is affirmed. Costs to respondents.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P. J.

TANGEMAN, J.

4

Rocky J. Baio, Judge

Superior Court County of Ventura
_____

Robert G. Foote for Plaintiff and Appellant.

Manfredi, Levine, Eccles, Miller & Lanson and Matthew R. Eccles for Defendants and Respondents.